UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DANYAN HE,

Petitioner,

v.

JAMES JANECKA, et al.,

Respondents.

Case No. 5:26-cv-05321-KES

ORDER GRANTING PETITION IN PART AND ORDERING A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a) WITHIN SEVEN DAYS

## I. INTRODUCTION

Danyan He ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Respondents answered the Petition ("Answer" at Dkt. 8), and Respondents replied ("Reply" at Dkt. 10). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 9.)

The Petition is granted in part. Although Petitioner has not demonstrated that Respondents' failure to provide her with a pre-deprivation hearing violated her procedural due process rights, Respondents admit that she is entitled to a post-

deprivation hearing under 8 U.S.C. § 1226(a). Accordingly, Respondents are enjoined from continuing to detain Petitioner unless they promptly hold such a hearing.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Entry into the U.S. (January 2026).

Petitioner is a native and citizen of the People's Republic of China. (Pet. at 5, ¶ 11; id. at 6, ¶ 19.) On January 14, 2026, she entered the U.S. on a B-2 visitor visa. (Pet. at 7, ¶ 20.) She was authorized to remain through July 13, 2026. (Pet. Ex. 2 / Dkt. 1-2 (DHS Form I-862, Notice to Appear).)

On July 27, 2026, she filed an affirmative application for asylum with U.S. Citizenship and Immigration Services ("USCIS"), which remains pending. (Pet. at 7, ¶ 21; see also id. at 6, ¶ 19 (alleging that Petitioner "fled China because she suffered past persecution and fears future persecution if returned"); Pet. Ex. 3 / Dkt. 1-3 (USCIS notice acknowledging receipt of Petitioner's Form I-589, Application for Asylum and for Withholding of Removal).)

"Since her admission, Petitioner has lived openly at a known address, established community ties, and maintained a spotless record with no criminal history whatsoever. She has never before been detained." (Pet. at 7, ¶ 22.)

### B. Detention by ICE (September 2026).

On September 9, 2026, she appeared at a USCIS office in Industry, California for a biometrics appointment related to her asylum application. (Pet. at 2, ¶ 2; id. at 7-8, ¶¶ 23-24; Pet. Ex. 4 / Dkt. 1-4 (USCIS notice instructing Petitioner to appear for biometrics submission).) At that appointment, she was arrested by ICE. (Pet. at 2, ¶ 2; id. at 8, ¶ 25.) She was served with a Notice to Appear ("NTA") charging her with removability under INA § 237(a)(1)(B) because she overstayed her visa. (Pet. at 8, ¶ 26; Answer Ex. 1 / Dkt. 8-1 (DHS Form I-862, the NTA).)

Petitioner's removal case remains pending. See Executive Office for

Immigration Review ("EOIR"), Automated Case Information, https://acis.eoir.justice.gov/en/ (A# 242-521-222 (China), last accessed Sept. 22, 2026). She remains in ICE custody in Adelanto, California. See ICE Detainee Locator, https://locator.ice.gov/odls/ (A# 242-521-222 (China), last accessed Sept. 22, 2026).

**C. Habeas Proceedings.**

Petitioner filed the present Petition on September 14, 2026. (Dkt. 1.) The Petition raises the following claims:

Ground 1: Respondents violated Petitioner's procedural due process rights by not giving her notice and a bond hearing prior to her arrest. (Pet. at 13-14, ¶¶ 45-47.)

Ground 2: Respondents are violating Petitioner's substantive due process rights by detaining her, because she is not a danger to the community or a flight risk. (Pet. at 14, ¶¶ 48-50.)

The Petition seeks Petitioner's immediate release from custody, as well as prospective injunctive relief enjoining Respondents from re-detaining her without constitutionally adequate process. (Pet. at 15.)

On September 21, 2026, Respondents answered the Petition. (Dkt. 8.) The Answer argues that: (a) Petitioner had "no due process right to a pre-detention hearing" because she "is a visa overstay" who "was not previously released from ICE custody on an order of supervision" (id. at 2); (b) Petitioner "appears to be entitled to request and receive an initial bond hearing" under § 1226(a) and Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) (id. at 2); and (c) Petitioner "has not requested a bond hearing" in immigration court and therefore "has not yet properly exhausted [her] administrative remedies" (id. at 3).

Petitioner replied on September 22, 2026. (Dkt. 10.)

## III. DISCUSSION

### A. Petitioner is Entitled to Relief on Ground 1, But the Appropriate Relief is a Bond Hearing Not Release from Custody.

#### 1. Legal Standard.

The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "[T]he Due Process Clause of the Constitution may require greater procedural protections than a statutory or regulatory scheme provides when freedom from imprisonment is at stake." Perez Bueno v. Janecka, No. 25-cv-03376-CAS-BFM, 2026 WL 309934, at *3, 2026 U.S. Dist. LEXIS 24644, at *7 (C.D. Cal. Feb. 5, 2026). To determine what procedural protections an individual is owed in the event of a government deprivation of a protected liberty interest, courts balance three factors: (a) the private interest that will be affected by the official action; (b) the risk of an erroneous deprivation of such interest and the value of additional procedural safeguards; and (c) the countervailing government interest. Mathews, 424 U.S. at 335.

#### 2. Analysis.

a. Petitioner was not entitled to a pre-deprivation hearing.

Many district courts have held that, once a noncitizen is released on parole, this creates a liberty interest in release. See, e.g. Ramos-Maldonado v. Semaia, No. 26-cv-01202-SSS-AS, 2026 WL 790788, at *2, 2026 U.S. Dist. LEXIS 57088,

at *6-7 (C.D. Cal. Mar. 18, 2026); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032-33 (N.D. Cal. 2025); Omer G. G. v. Kaiser, 815 F. Supp. 3d 1098, 1106-13 (E.D. Cal. 2025). These courts generally reason that "the government's decision to release an individual creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." Ramos-Maldonado, 2026 WL 790788, at *2, 2026 U.S. Dist. LEXIS 57088, at *6-7; see also Domingo v. Kaiser, No. 25-cv-05893, 2025 WL 1940179, at *2, 2025 U.S. Dist. LEXIS 133824 at *5-6 (N.D. Cal. July 14, 2025) (collecting cases).

Respondents distinguish these cases from the present case, reasoning that "Petitioner is a visa overstay" who "was not previously released from ICE custody on an order of supervision" (Answer at 2.) Petitioner replies that any noncitizen who is "living at liberty" has a procedural due process right to "pre-deprivation notice and a hearing…." (Reply at 5.)

Some district courts have found that noncitizens who overstay their visa and are not on ICE supervision do have a right to pre-deprivation hearing, reasoning that "the government's *knowing* decision not to detain an individual creates a liberty interest in their continued release." Anderson v. Chernut, No. 26-cv-01960-DAD-CKD, 2026 WL 809990, at *2, 2026 U.S. Dist. LEXIS 62410, at *4 (E.D. Cal. Mar. 24, 2026) (emphasis added). Yet those cases—including the cases cited in Petitioner's Reply (see Reply at 5-6)—involved a lengthy passage of time after the noncitizen's visa expired and/or some affirmative action by immigration authorities (e.g., granting of work authorization), which courts found gave rise to the same type of "implied promise" that the noncitizen would not be detained. See, e.g., Tello Vazquez v. Mullin, No. 26-cv-2039-KKE, 2026 WL 1911507, at *2, 2026 U.S. Dist. LEXIS 147354, at *5 (W.D. Wash. July 2, 2026) ("The Government could have detained Petitioner at any time after the expiration of his visa in 2021 but did not do so until years later, after Petitioner developed significant ties to the United States. Petitioner's interest in maintaining his liberty

is therefore strong, in the absence of evidence that he is a flight risk or a danger to the community."); Huang v. Blanche, No. 2:26-cv-02157-BAT, 2026 WL 2271901, at *1, 8, 2026 U.S. Dist. LEXIS 178076, at *10 (W.D. Wash. July 15, 2026) (finding liberty interest where the noncitizen overstayed a tourist visa and applied for asylum, but was not arrested by ICE until about 4 years later); Benipal v. Rokosky, No. 26-cv-01306-RM-CDB, 2026 WL 1355010, at *1, 10, 2026 U.S. Dist. LEXIS 108085, at *30-31 (D. Ariz. Apr. 24, 2026) (finding noncitizen who had overstayed his visa had a liberty interest in release where he had not been detained for years after his visa has expired, even though in that time he had been issued a deficient notice to appear, been granted permission to work in the U.S., and filed an application to register permanent residence or adjust status); Kalkan v. Chestnut, No. 26-cv-02028-DAD-EFB, 2026 WL 788112, at *1, 2026 U.S. Dist. LEXIS 59347, at *2 (E.D. Cal. Mar. 20, 2026) ("[T]he petitioner entered the United States on a nonimmigrant visa and subsequently applied for asylum such that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on that expiration of status."); Kharitonova v. Albarran, No. 26-cv-01362-JSC, 2026 WL 531441, at *2, 2026 U.S. Dist. LEXIS 39213, at *5 (N.D. Cal. Feb. 25, 2026) ("Petitioner has a vested liberty interest in remaining free from detention as she has lived for the last 13 years. … The government's decision not to detain Petitioner 'when it processed her asylum application, took her biometrics, referred her asylum case to EOIR, and advised her to appear for multiple hearings over a period of years,' likewise gave rise to 'a liberty interest on Petitioner's part that she would remain free unless she violated her conditions of release.' … The government's insistence Petitioner lacks a liberty interest because it never before sought to detain her is specious. … Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially

detained.”).

Here, in contrast, Petitioner has lived in the U.S. for less than a year, and ICE detained her about a month and a half after her visitor visa expired. There is no evidence that she was granted work authorization or that immigration authorities took any other kind of affirmative action that “gives rise to an inference” that immigration authorities “decided that [she was] not a flight risk or danger to the community.” Wang v. Janecha, No. 26-cv-4447-BFM, 2026 WL 2584800, at *2, 2026 U.S. Dist. LEXIS 197823, at *4 (C.D. Cal. Aug. 31, 2026). Under the first Mathews factor, Petitioner’s liberty interest is different, and under the second Mathews factor, “The risk of an erroneous deprivation of liberty … is simply not as high … as it is in the case of an individual who was already found not to pose a flight risk or danger to the community.” Wang, 2026 WL 2584800, at *2, 2026 U.S. Dist. LEXIS 197823, at *5.

Accordingly, Petitioner has not demonstrated that Respondents violated her procedural due process rights by failing to provide her with a pre-deprivation hearing.

She is entitled to a post-deprivation bond hearing under § 1226(a), as discussed further below.

b. Petitioner is entitled to a post-deprivation hearing under § 1226(a).

Petitioner argues, “[T]he [NTA] DHS drafted for [Petitioner] recites an expedited-removal predicate that, if credited, would strip the [IJ] of bond jurisdiction altogether….” (Reply at 3; see also id. at 9.) Petitioner appears to be suggesting that, based on allegations in the NTA, she has been or might be classified as an “applicant for admission” under § 1225(b)(2)(A) and therefore deemed ineligible for a bond hearing. Respondents’ Answer seems to tacitly admit this, conceding that Petitioner “appears to be entitled to request and receive an initial bond hearing pursuant to” Rodriguez Vazquez v. Bostock, 183 F.4th 1160

(9th Cir. 2026). (See Answer at 2.) The Answer also states, "[T]o the extent a bond hearing is … ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases prior to the Bostock ruling, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." (Id. at 3.)

Given Respondents' concession that Petitioner is entitled to a bond hearing under § 1226(a), the Court will grant that relief here. This type of post-deprivation hearing is adequate to protect her procedural due process rights on the record currently before the Court. See Wang, 2026 WL 2584800, at *2, 2026 U.S. Dist. LEXIS 197823, at *5-6 ("[W]hile Petitioner undoubtedly has a liberty interest in avoiding detention, Section 1226(a) entitles her to a significant amount of process in connection with her detention…. On these facts, Petitioner has not shown that such process insufficient to ensure that she is detained only if her detention would fulfill the purposes of civil detention.").

**B. Petitioner Not Entitled to Relief on Ground 2.**

Petitioner argues that Respondents are violating her substantive due process rights by detaining her, because she is not a danger to the community or a flight risk. (Pet. at 14, ¶¶ 48-50.) As one district court has reasoned, "A bond hearing is the primary test of whether detention is excessive to the government's interest in detention. … There is no record that Petitioner ever had or that she requested a custody redetermination by the IJ. The Court is not inclined to grant a constitutional claim where the statutory route has not yet proved inadequate." Wang, 2026 WL 2584800, at *3, 2026 U.S. Dist. LEXIS 197823, at *7. Additionally, Petitioner has been detained for less than a month. "While any period of custody is difficult, such a period is not unusually prolonged for civil detention purposes." Wang, 2026 WL 2584800, at *3,.

Accordingly, Petitioner has not demonstrated that she is entitled to relief on Ground 2.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Ground 1 of the Petition is granted in part, and Ground 2 is denied.
2. Respondents are enjoined from continuing to detain Danyan He (A# 242-521-222) unless Petitioner is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.
3. If Respondents fail to timely provide such a hearing, Petitioner may file a request for an order to show cause re contempt.[1]

DATED: September 23, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).